IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-cv-00787-FL

| | | |
|---|---|---|
| VINIKUMAR JASHVANTKUMAR PATEL, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | ORDER |
| WAL-MART ASSOCIATES, INC., and WAL-MART STORES EAST, LP | ) ) ) ) | |
| Defendants. | | |

This matter is before the court for review of plaintiff's amended complaint (DE 6) pursuant to 28 U.S.C. § 1915(e). United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), wherein it is recommended that plaintiff's claim of hostile work environment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") be allowed to proceed, and plaintiff's other claims be dismissed without prejudice (DE 9). Plaintiff filed objections to the M&R, and in this posture, the issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff commenced this action December 3, 2025, and filed amended complaint December 12, 2025, asserting the following claims under Title VII: 1) hostile work environment; 2) race and national origin discrimination; 3) retaliation; and 4) wrongful termination. Plaintiff alleges he began working for defendants in 2021. (Am Compl. ¶ 7). In 2022, a customer began harassing plaintiff after learning plaintiff was from India. (Id. ¶¶ 9-10). Due to this harassment,

plaintiff requested a transfer to a different department; however, defendants denied this request. (Id. ¶¶ 12-13).

In late 2024, plaintiff requested a leave of absence to travel to India. (Id. ¶ 21). Defendants denied plaintiff's request and then terminated plaintiff when he travelled to India despite this denial. (Id. ¶¶ 21-25). Plaintiff alleges his termination "violated its own corporate policy regarding No Call/No Show violations." (Id. ¶ 25). Upon returning to the United States, plaintiff "immediately attempted to resolve his wrongful termination[,]" but plaintiff only "received automated text messages regarding an application for re-hire." (Id. ¶¶ 30-31).

## COURT'S DISCUSSION

A. Standard of Review

The district court reviews de novo those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

B. Analysis

The magistrate judge recommends plaintiff's hostile work environment claim be allowed to proceed, and that plaintiff's claims of racial discrimination, retaliation, and wrongful termination under Title VII be dismissed without prejudice for failure to state a claim upon which

2

relief may be granted. Plaintiff timely filed objections to the M&R's recommended dismissal of each of these claims.

Plaintiff's objections, however, are based on facts not pleaded in the amended complaint, and "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013). Indeed, plaintiff acknowledges some of these facts "are not yet fully integrated into the operative pleadings." (Pl's Obj. (DE 11) at 3).

For instance, in regards to his retaliation claim, plaintiff states he "attempted to secure authorized leave via three (3) distinct formal filings over a sixty day period[,]" and plaintiff attaches these requests as exhibits to his objections. (Pl's Obj. (DE 11) at 1). Plaintiff's amended complaint alleges that he requested leave, and that leave was improperly denied, but the amended complaint does not contain the facts recited in plaintiff's objections. (See Am. Compl. (DE 6) at 2).

Plaintiff's other objections fail for the same reasons. Regarding the requested leave of absence, plaintiff alleges a coworker, Andrea Murphy, "verbally instructed the Plaintiff: 'Don't worry about it.'" (Pl's Obj. (DE 11) at 1). Neither this conversation nor any facts regarding Andrea Murphy are present in the amended complaint. (See generally Am. Compl. (DE 6)). Moreover, plaintiff attaches a series of exhibits in support of his objections; however, these exhibits also are not a part of the amended complaint. (See, e.g., DE 11-4, 11-6).

The court agrees with the M&R's analysis that plaintiff may be able to plead additional facts to state a claim for relief, and therefore these claims are dismissed without prejudice. Accordingly, plaintiff may move for leave to amend his complaint pursuant to Local Civil Rule

3

15.1, but, where plaintiff's objections are based on facts outside the pleadings, the court rejects plaintiff's arguments at this stage.

## CONCLUSION

Based on the foregoing, the court hereby ADOPTS the recommendation of the magistrate judge as its own, and plaintiff's claims of racial discrimination, retaliation, and wrongful termination claims under Title VII are DISMISSED WITHOUT PREJUDICE for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B).  Plaintiff's claim for hostile work environment in violation of Title VII may proceed.  The clerk is DIRECTED to issue summons and transmit it and the complaint for service by the United States Marshals Service in accordance with Federal Rule of Civil Procedure 4(c)(3).

SO ORDERED, this the 15th day of July, 2026.

LOUISE W. FLANAGAN
United States District Judge

4